FILED ENTERED
LODGED RECEIVED
JAN 06 2022 ST
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF [illegible]

22-CV-13 SKV

VICKI CHANG,

Plaintiff,

v.

ANDREW VANDERWIELEN, BRIAN HUNT, JANE GUREVICH, EDWARD COLLINS, RIDDHI KOTHARI, and THE CITY OF SEATTLE, a municipal corporation

Defendants.

NO.

COMPLAINT FOR DAMAGES

Plaintiff Vicki Chang, pro se, alleges as follows:

I. Parties, Jurisdiction, and Venue

1.1 Plaintiff. Plaintiff Vicki Chang resides in Seattle, King County, Washington.

1.2 Defendant. Defendant Andrew Vanderwielen was employed by Washington State as a Washington State Trooper at all times material to this case. He is a resident of the State of Washington. All of his actions in this case were in the course and scope of his duties as a Washington State Trooper. Defendant Vanderwielen is sued in his individual capacity.

1.3 Defendant. Defendant Brian Hunt was employed by the City of Seattle as a police officer at all times material to this case. He is a resident of the State of Washington. All of his actions in this case were in the course and scope of his duties as a Seattle Police Department Officer. Defendant Hunt is sued in his individual capacity.



VICKI CHANG, PRO SE
4216 37TH AVE S
SEATTLE WA 98118

1.4 Defendant. Defendant Jane Gurevich was employed by the University of Washington as a security guard at all times material to this case. She is a resident of the State of Washington. All of her actions in this case were in the course and scope of her duties as a security guard at UW-Harborview. Defendant Gurevich is sued in her individual capacity.

1.5 Defendant. Defendant Edward Collins was employed by Washington State as a Washington State Trooper at all times material to this case. He is a resident of the State of Washington. All of his actions in this case were in the course and scope of his duties as a Washington State Trooper. Defendant Collins is sued in his individual capacity.

1.6 Defendant. Defendant Riddhi Kothari, DO was employed by the University of Washington as a doctor or medical resident at all times material to this case. She is a resident of the State of Washington. All of her actions in this case were in the course and scope of her duties as a doctor or medical resident at UW-Harborview. Defendant Kothari is sued in her individual capacity.

1.7 Defendant. Defendant City of Seattle is a municipal corporation organized under the laws of the State of Washington.

## II. Jurisdiction

2.1 This court has personal and subject matter jurisdiction and venue is appropriate.

## III. Summary of Facts

3.1 On January 6, 2018, Plaintiff returned to her residence in the evening to discover that the powerline and power mast had been severed, causing her residence to be without power, heat, or hot water. Plaintiff strongly suspected the cause of this property damage was construction company Jabooda Homes which was doing construction on the site adjacent to her to the north and had engaged in other activities that involved intentional property damage to her residence prior to this incident. Four months later, Seattle City Light would catch Jabooda Homes cutting plaintiff's powerline with a backhoe, causing an approximately 3 hour power outage according to Seattle City Light. Plaintiff was experiencing significant physical and mental distress as a result of this incident, and had potential problems including but not limited



VICKI CHANG, PRO SE
4216 37TH AVE S
SEATTLE WA 98118

to hypothermia, a panic attack, nervous breakdown, and being really disoriented. She called 911 to make a police report about this incident and go to the ER room due to the problems she was experiencing.

Plaintiff arrived in the UW Harborview ER room via ambulance and was checked in, but was not allowed to see a doctor even if she was experiencing serious mental and physical health issues that other doctors and medical professionals, including but not limited to Kaiser Permanente Consulting/Advice nurses, Kaiser Permanente Urgent Care Doctors, Swedish Emergency Room, Ob/Gyn, Psychiatrists and other doctors, and King County Public Health Nurses have all advised plaintiff, including in writing, are issues where it is important to seek medical attention in an Emergency Room setting and would require that she be checked out by a medical professional and stay under observation.

Defendants WST Andrew Vanderwielen and Security Guard Jane Gurevich claimed patient was "flopping around" on the waiting room floor, thus needed to be forcibly discharged without being seen by a doctor, which several nurses and doctors above felt was extremely contrary to the correct medical response, since many ER room admits are not very able to communicate, walk themselves to the doctor, or flop around including but not limited to people who are experiencing heart attacks, epilepsy, strokes, psychosis, and other serious mental health issues and actually need to be seen by a doctor.

Defendant Vanderwielen demanded that plaintiff get into a wheelchair and wheeled her erratically into a metal detector, parking garage ticket machine, and the wall, frightening plaintiff. He claimed in the police report that he tried to stand plaintiff up but she "flopped" to the ground, but plaintiff recalls that he then body slammed her to the ground. UW Primary Care doctor Michelle Rappaport, MD, agreed on September 13, 2019 during an in office visit after watching UW security camera footage obtained through a public records request that Plaintiff did not flop or move to the ground voluntarily, but that Defendant Vanderwielen along with other security staff actually physically brought her to the ground, claiming in visit notes in writing that plaintiff "asks me to watch a video of the security footage, which shows her being



VICKI CHANG, PRO SE
4216 37TH AVE S
SEATTLE WA 98118

wheeled into the lobby by several security personnel, perhaps including a police officer. She stands up and is brought to the ground. We discuss that I am not qualified to give her an opinion regarding the level of force used… States she wants knee MRI ."

While plaintiff was lying prone on the ground and not resisting arrest or assaulting anyone in anyway, Defendant Gurevich leaned on and squished plaintiff's knees a lot in security camera footage and Defendant Vanderwielen cut through exactly one of the two leather handles of her handbag with a knife, causing property damage to Plaintiff. Defendant Gurevich then falsely claimed plaintiff assaulted her while lying prone on the ground after the wheelchair incident by kicking her on the side several times in the police report causing plaintiff to be arrested and falsely imprisoned. Defendant Vanderwielen claimed he was a witness to this alleged assault of Defendant Gurevich in the police report.

Arresting officer Brian Hunt of Seattle Police Department then arrived and arrested plaintiff, claiming he "tried to get her side of the story", which is pretty contrary to plaintiff's recollection. Plaintiff was held for 2 days in jail with no attorney and mistreated in many ways, yet at no point did anyone at SPD attempt to get security camera footage from the UW which would demonstrate the falsity of Defendant Gurevich's assault claim as well as Defendant Vanderwielen's claim to witness this assault, his claims regarding the plaintiff flopping to the ground, which plaintiff is unsure of being any crime or reason for arrest, but rather something that would probably require immediate medical attention according to conversations with several medical professionals.

Plaintiff was given documents after discharge indicating no charges would be filed against her by the City currently, never informed about subsequent charges filed against her prior to the City of Seattle commencing a case against her for supposedly assaulting defendant Gurevich in February 2019, and subsequently arrested out on warrant in April 2019 for missing this hearing.

After discharge, on January 9, 2019, plaintiff was disoriented, mentally ill, and was admitted to the ER room again at Harborview ER, where the attending physician expressed



VICKI CHANG, PRO SE
4216 37TH AVE S
SEATTLE WA 98118

concerns about plaintiff being gravely disabled, having circumstantial thought processes, and possibly having a panic attack or being delusional and in need of further observation and care as well as a prior history of anxiety and depression issues that Defendant Riddhi Kothari, DO had access to through UW medical records as it was a diagnosis made there. Defendant Kothari claimed plaintiff was in no serious distress including mental, and had plaintiff forcibly discharged against what should be the correct and conventional medical treatment according to many medical professionals. Plaintiff was then held for a longer period of time at King County jail. Many medical professionals including but not limited to ER or urgent care doctors at Swedish and Kaiser Permanente, ob/gyn at Swedish and Kaiser Permanente, consulting nurses at the Kaiser advice line, and nurses at King County Public Health have urged that plaintiff call 911, go to the ER room, and probably needed further observation if she experienced the mental health symptoms that defendant Kothari alleges plaintiff had in January 2019 on medical records. Defendant Kothari also claimed plaintiff had hyperthermia, which is obviously the opposite of what anyone competent would correctly diagnose (hypothermia) if plaintiff claimed she had problems related to having her power being cut, no heat or hot water in January, and problems with being exposed to extreme cold. Defendant Kothari incorrectly failed to take down plaintiff's assertions she was sexually assaulted in King County jail after her false and wrongful arrest for assaulting UW security guard Jane Gurevich. Plaintiff was not given any clothing during the time she was in jail, nor any sanitary napkins or tampons even though plaintiff told them she had her period and staff had groped her. Partially as a result of defendant Kothari's medical malpractice, patient's conditions went untreated, worsened, and in April 2019, plaintiff was declared mentally incompetent by ITA court.

Plaintiff has tried discussing these issues with the Defendant Vanderwielen's supervisor WST Edward Collins who repeatedly insists that plaintiff "flopped" to the ground and thus defendant Vanderwielen was justified in restraining plaintiff, using force to hold plaintiff to the ground along with defendant Gurevich, personally injuring plaintiff, damaging her personal property by cutting through exactly one of the two leather handles of her purse with a knife on



VICKI CHANG, PRO SE
4216 37TH AVE S
SEATTLE WA 98118

camera, and assisting in filing a false assault charge against plaintiff, causing her to be arrested. Defendant Collins refuses to take any action against defendant Vanderwielen for his actions in January 2019 related to the plaintiff's complaint.

Plaintiff has also tried to discuss her complaints and other issues with SPD Officer Brian Hunt's behavior with the Office of Police Accountability, including asking why he would continue to be employed after the incident with Mr. Alley-Barnes, only to have them make plenty of offensive derogatory comments about African-American and Middle Eastern people and refuse to take any action on her complaint.

Plaintiff has also complained to UW Medicine via email with regards to Riddhi Kothari, DO, Jane Gurevich, and Andrew Vanderwielen, which refuses to take any action on plaintiff's complaints.

3.2 Prior Histories of Misconduct. Defendants Vanderwielen and Hunt have previously been the subjects of other complaints of misconduct, including perjury for WST Vanderwielen and false arrest and assault for Sgt. Hunt. WST Trooper Vanderwielen is on the Brady List, a federally mandated list of problem police officers that have committed major acts of dishonesty on duty, for committing perjury in a DUI case. Brian Hunt has been involved in a civil lawsuit involving false arrest, assault, and civil rights violations including racially and/or nationally motivated violations filed against him by Maikoiyo Alley-Barnes which resulted in a $185,000 payout from the City of Seattle to settle this claim as well as other complaints against him, some of which appear to have resulted in civil cases being filed against him.

Plaintiff is unsure of whether the other defendants have been involved in complaints, claims against them, and/or activities involving assault, property damage, false imprisonment, malicious prosecution, slander, libel, medical malpractice, police misconduct, or civil rights violations involving race, national origin, disability status, and/or gender, but would like to find out during the discovery process.

3.3 Failure to Train and Discipline Defendant Collins has failed to train and discipline Defendant Vanderwielen, who was a Brady List police officer prior to Plaintiff encountering him



VICKI CHANG, PRO SE
4216 37TH AVE S
SEATTLE WA 98118

for the first time in 2019 due to his perjurious actions. Many medical professionals have expressed concerns to plaintiff about arresting, restraining, or not getting immediate medical attention for someone in the ER room after they "flop" to the ground and point out Defendants Vanderwielen, Gurevich, and Hunt all have probably gotten plenty of training to get immediate medical attention for people like this instead of undertaking the actions that they did, including falsely arresting, injuring, and damaging the personal property of the plaintiff.

3.4 Dismissal of Charges against Plaintiff Plaintiff was gravely disabled and mentally incompetent at the time of this incident according to an ITA Court, thus charges against her were dismissed. Additionally, plaintiff has UW security camera footage of this incident contradicting Defendant Vanderwielen's sworn testimony about this incident obtained through a public records request.

3.5 Injuries and Damages. As a proximate result of the facts alleged above, Plaintff suffered physical injuries from the January 6-7 ER room incident involving Defendants Vanderwielen, Gurevich, and Hunt, false arrest, and imprisonment, damage to her personal property, continued and worsened mental and physical health problems, lost wages, emotional distress, and damages to her property.

## IV. Legal Causes of Action

4.1 The foregoing is alleged.

4.2 Defendants Vanderwielen, Gurevich, and the City of Seattle are liable to the Plaintiff for the torts of assault, personal injury, and property damage.

4.3 Defendants Vanderwielen, Gurevich, Hunt, Kothari, and the City of Seattle are liable to the Plaintiff for the torts of false arrest and false imprisonment, damage to her personal property, lost wages, emotional distress, and damages to her property.

4.4 Defendant City of Seattle is liable to the Plaintiff for the tort of malicious prosecution.

4.5 Defendant Kothari is liable to the plaintiff for medical malpractice.



VICKI CHANG, PRO SE
4216 37TH AVE S
SEATTLE WA 98118

4.6 Negligent Training and Supervision. Defendants Collins and the City of Seattle are liable for damages which resulted due to their negligence in training and supervising Washington State troopers and Seattle Police Department officers, including but not limited to Defendants Vanderwielen and Hunt.

4.7 Civil Rights Violations Defendants Vanderwielen, Gurevich, Hunt, and the City of Seattle are liable to the Plaintiff for violations of her civil rights proximately resulting from excessive force, damage to and seizure of personal property, in violation of her Fourth and Fourteenth Amendment Rights. The Plaintiff believes that this incident was possibly motivated by race, national origin, and/or disability status and asks for damages under RCW 9A.36.083.

4.8 Civil Rights Violations Defendant Collins is liable to the Plaintiff for violations of her civil rights for failing to adequately train, supervise, and discipline Defendant Vanderwielen, who has a serious history of police misconduct and dishonesty, including perjury on duty, and was a Brady List police officer prior to Plaintiff encountering him for the first time in January 2019. To the extent that Defendant Collins was callously indifferent, intentionally negligent, or acted with reckless disregard to the rights of Plaintiff or other individuals in similar circumstances and/or with similar conditions, Defendant Collins is liable for punitive damages, including under RCW 9A.36.083.

4.9 Civil Rights Violations Defendant City of Seattle is liable to the Plaintiff for violations of her civil rights to the extent that the failure to train, supervise, and discipline police officers is a policy, practice, or custom of the City of Seattle.

WHEREFORE, Plaintiff asks the court for relief as follows:

1. Damages and punitive damages in an amount to be proven at trial. Plaintiff seeks punitive damages against all defendants except the City of Seattle.

2. Costs and reasonable legal fees; and

3. For such other relief as the court may deem just, equitable, or otherwise appropriate.



VICKI CHANG, PRO SE
4216 37TH AVE S
SEATTLE WA 98118

DATED this 6 day of January 2022:

Vicki Chang, Plaintiff, pro se

Address: 4216 37th Ave S, Seattle WA 98118
Telephone: (347)387-5677
Email: m210_vicki@yahoo.com

Certification

The undersigned Vicki Chang, being of legal age, states as follows:

I am the plaintiff in this action. I have read the foregoing Complaint and the factual allegations in it are true and correct.

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 6 day of January, 2022 at Seattle, Washington:

Vicki Chang



VICKI CHANG, PRO SE
4216 37TH AVE S
SEATTLE WA 98118