UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICKI CHANG,

               Plaintiff,

    v.

ANDREW VANDERWIELEN, et al.,

               Defendants.

Case No. C22-0013-SKV

ORDER RE: PENDING MOTIONS AND CASE STATUS UPDATE

      Plaintiff proceeds pro se in this civil rights action. This matter comes before the Court in relation to two pending motions. The Court, having considered the motions, along with the remainder of the record, herein finds and ORDERS as follows:

      (1)    Plaintiff filed a Motion to Reconsider Denial of Attorney. Dkt. 36. She seeks reconsideration of the Court's recent Order denying her second motion seeking the appointment of counsel. *See* Dkt. 33. The Court denied this second motion upon concluding Plaintiff failed to demonstrate an inability to afford counsel, a likelihood of success on the merits, or the inability to articulate her claims pro se. The Court noted Plaintiff's filings subsequent to her first motion strengthened the Court's conclusion as to her ability to articulate her claims. Now, in seeking reconsideration, Plaintiff asserts that attorneys representing Defendants have refused to

confer with her about non-frivolous matters and notes her contemporaneous filing of a Motion for Leave to Proceed *In Forma Pauperis* (IFP).  *See* Dkts. 36 & 38.

Motions for reconsideration are disfavored and will ordinarily be denied unless the requesting party shows "manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence."  Local Civil Rule (LCR) 7(h)(1).  Plaintiff here fails to show either manifest error or new facts or legal authority and is therefore not entitled to relief.  Indeed, Plaintiff continues to file numerous motions and other documents, *see* Dkts. 34-48, 40, further detracting from a contention she is unable to proceed pro se.  Nor would the Court's conclusion differ if Plaintiff were found entitled to proceed IFP.  Plaintiff's Motion for Reconsideration, Dkt. 36, is DENIED.[1]

(2) Plaintiff also, as noted above, seeks leave to proceed IFP.  Dkt. 38.[2]  However, the IFP application is incomplete.  In particular, Plaintiff fails to indicate the amount of cash she has on hand and the amount of any money she has in checking and savings accounts.  She instead states: "most of the cash I have on hand is for repairing major damage to my house."  *Id*. at 2.  The Court requires complete and detailed financial information in order to determine Plaintiff's eligibility to proceed IFP.  Accordingly, Plaintiff's Motion for Leave to Proceed IFP, Dkt. 38, is DENIED.  The denial is without prejudice and Plaintiff may submit a revised and fully completed IFP application for the Court's consideration.

---

[1] Plaintiff attaches to her motion a recent email she sent to defense counsel requesting the provision of legal support for an affirmative defense raised, information as to other issues in this case, and the scheduling of a phone conference.  *See* Dkt. 36.  Plaintiff is reminded that, in appearing pro se and representing herself, she is expected to be familiar with and to comply with the rules that govern the procedures for a civil lawsuit in federal court. Information about how proceed in this matter can be found on the Court's website at https://www.wawd.uscourts.gov/representing-yourself-pro-se and within the "Pro Se Guide to Filing Your Lawsuit in Federal Court" found at that location.

[2] Plaintiff paid the filing fee in this case, *see* Dkt. 1, and seeks leave to proceed IFP in association with her desire for the appointment of counsel.

ORDER RE: PENDING MOTIONS AND CASE
STATUS UPDATE - 2

(3)     A review of the docket in this case reveals the need for an update as to the status of service.  Plaintiff filed the Complaint on January 6, 2022, Dkt. 1, but did not at that time provide summons for the Court to issue, *see* Dkt. 4.  On January 18, 2022, Plaintiff provided and the Court issued summons for service on all named Defendants.  Dkt. 5.  As of the date of this Order, there are no Notices of Appearance or Answers filed on behalf of Defendants Andrew Vanderwielen and Edward Collins and no indication as to whether Plaintiff served those Defendants.  Plaintiff is therefore ORDERED to submit an update regarding service on Vanderwielen and Collins within **ten (10) days** of the date of this Order.  Failure to comply may result in dismissal of Plaintiff's claims against those Defendants for failure to prosecute.  *See* Fed. R. Civ. P. 4(m).

(4)     The Clerk shall send a copy of this Order to the parties.

Dated this 6th day of April, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

ORDER RE: PENDING MOTIONS AND CASE
STATUS UPDATE - 3