UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICKI CHANG,<br><br>              Plaintiff,<br><br>    v.<br><br>ANDREW VANDERWIELEN, et al.,<br><br>              Defendants. | CASE NO. C22-00013-JCC-SKV<br><br>ORDER ON REVIEW OF MOTION FOR RECUSAL |

This matter is before the Court on Plaintiff Vicki Chang's "request for new judge appointed," interpreted by the Court as a Motion to disqualify the Honorable Judge Coughenour. Dkt. #35. The Motion states only:

> Plaintiff requests that that [sic] a new judge be appointed that does not attend University of Washington as an undergraduate or graduate student nor get paid on a regular basis as a faculty member or permanent staff person, or an employee of the mostly the [sic] State of Washington for most of their career, since Washington State indemnifies Riddhi Kothari, DO under insurance claims. Plaintiff requests that this is true for the judge's spouse as well.

*Id.*

Judge Coughenour declined to recuse himself and, in accordance with this Court's Local Civil Rules, the matter was referred to the Undersigned for review. Dkt. #52; LCR 3(f).

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning

ORDER ON REVIEW OF MOTION FOR RECUSAL - 1

1  a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28
2  U.S.C. § 455(b)(1).  Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a
3  district court makes and files a timely and sufficient affidavit that the judge before whom the
4  matter is pending has a personal bias or prejudice either against him or in favor of any adverse
5  party, such judge shall proceed no further therein, but another judge shall be assigned to hear
6  such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United*
7  *States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*,
8  993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an
9  extrajudicial source.").

10       The Court agrees with Judge Coughenour's analysis. Plaintiff Chang's Motion fails to
11 establish a connection between the University of Washington and Judge Coughenour or the
12 same University and the facts of this case significant enough such that Judge Coughenour's
13 impartiality might reasonably be questioned in this matter.  Although Judge Coughenour has
14 served as an adjunct lecturer at the University of Washington School of Law, he donates all
15 compensation received.  This action does not involve the University of Washington School of
16 Law, but rather an incident at Harborview Medical Center.

17       Plaintiff has not otherwise demonstrated a reasonable basis to question Judge
18 Coughenour's impartiality or to justify recusal.  Accordingly, the Court finds and ORDERS
19 that Judge Coughenour's Minute Order declining to recuse himself, Dkt. #52, is AFFIRMED.

20       DATED this 19th day of April, 2022.

21
22
23                                 RICARDO S. MARTINEZ
                                   CHIEF UNITED STATES DISTRICT JUDGE
24