1

2

3

4

5                         UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
6                                  AT SEATTLE

7   VICKI CHANG,

8                           Plaintiff,              Case No. C22-0013-JCC-SKV

9          v.                                       REPORT AND RECOMMENDATION

10  ANDREW VANDERWIELEN, et al.,

11                          Defendants.

12

13                               INTRODUCTION

14         Plaintiff, proceeding pro se, filed a civil action raising claims associated with events

15  occurring at the University of Washington Harbor View Medical Center (Harborview) in early

16  January 2019.  Dkts. 1 & 1-1.  She names as Defendants Washington State Troopers Andrew

17  Vanderwielen and Edward Collins, Seattle Police Officer Brian Hunt, the City of Seattle,

18  University of Washington (UW) security guard Jane Gurevich, and UW physician Riddhi

19  Kothari, D.O.  *See id*.

20         Dr. Kothari filed a Motion for Summary Judgment.  Dkt. 14.  Plaintiff filed an opposition

21  to that motion, Dkt. 27,[1] and a Motion to Amend Complaint, Dkt. 37.  Dr. Kothari opposes the

22  _____

23         [1] Plaintiff also filed several related documents, Dkts. 34, 40, 50, after Dr. Kothari filed her reply
    in support of the summary judgment motion, Dkt. 28.  Plaintiff's filings were not requested by the Court
    and do not constitute surreplies under Local Civil Rule (LCR) 7(g) (allowing a surreply strictly limited to

1    motion to amend.  Dkt. 57.   The Court, having considered these pending motions, recommends

2    Dr. Kothari's Motion for Summary Judgment, Dkt. 14, be GRANTED, Plaintiff's Motion to

3    Amend, Dkt. 37, be DENIED, and Plaintiff's claims against Dr. Kothari be DISMISSED.

4                                    BACKGROUND

5          Plaintiff's claims against Dr. Kothari relate to events occurring on January 9, 2019.

6    Dkt. 1-1 at 4-5; Dkt. 14 at 2.  At that time, Dr. Kothari, a UW employee, served as a psychiatrist

7    attending physician in Psychiatric Emergency Services at Harborview.  Dkt. 15, ¶¶2-3.

8    Harborview is operated by UW, which is an agency of the State of Washington.  Dkt. 16, ¶2.

9          Plaintiff alleges that, on January 9, 2019, she arrived at Harborview disoriented and

10   mentally ill, with circumstantial thought processes, and "possibly having a panic attack or being

11   delusional and in need of further care."  Dkt. 1-1 at 4-5.  She adds that her UW medical records

12   showed her history of anxiety and depression and her diagnoses.  *Id*. at 5.  Plaintiff alleges Dr.

13   Kothari claimed she was in no serious distress, incorrectly claimed she had hyperthemia, instead

14   of hypothermia, had her forcibly discharged contrary to standards of conventional medical

15   treatment, and that she was subsequently held for a longer period of time at the King County jail.

16   *Id*. at 5.  She also alleges Dr. Kothari failed to record her assertion she had been sexually

17   assaulted at the jail.  *Id*.  Plaintiff contends that, as a result of Dr. Kothari's medical malpractice,

18

19

20   ─────────────────────────
     requests to strike material in opposing party's reply, after filing an intent to file surreply, filing within five
21   days of the reply, and not exceeding three pages).  Accordingly, those documents and the extraneous
     arguments contained within will not be considered.  LCR 7(g)(2) ("Extraneous argument or a surreply
22   filed for any other reason will not be considered.")  Also, Plaintiff's Request for Extension of
     Time/Notice of Unavailability, Dkt. 46, is DENIED.  The Court previously denied Plaintiff's request for
23   an extension given that she had already filed a comprehensive response to the summary judgment motion,
     *see* Dkt. 33, Plaintiff continues to demonstrate her ability to respond through her numerous filings, and
     she bases her request for an extension on the desire to obtain documents largely, if not entirely, unrelated
     to Dr. Kothari's motion.

her conditions went untreated, worsened, and she was declared mentally incompetent by King County's Involuntary Treatment Act (ITA) Court.  *Id.*

Plaintiff brings a claim against Dr. Kothari for medical malpractice.  *Id.*, ¶4.5.  She also includes Dr. Kothari's name, along with Defendants Vanderwielen, Gurevich, Hunt, and the City of Seattle, in a claim alleging liability for the torts of false arrest and false imprisonment, and for damage to her personal property, lost wages, and emotional distress.  *Id.*, ¶4.3.  She brings other state law claims and civil rights claims alleging federal constitutional violations against Defendants Vanderwielen, Collins, Hunt, Gurevich, and City of Seattle.  *Id.*, ¶¶4.1-.4, 4.6-.9.

Dr. Kothari, in her Answer and Affirmative Defenses, contends the Court lacks subject matter jurisdiction, that Plaintiff failed to comply with the pre-suit tort claim notice requirements under RCW 4.92 and/or RCW 4.96, *et seq.*, and that this suit is barred by the expiration of statutes of limitation.  Dkt. 9 at 4.  Dr. Kothari now seeks dismissal on summary judgment.

<u>DISCUSSION</u>

Dr. Kothari argues Plaintiff's failure to comply with the pre-suit notice requirements of RCW 4.92 deprives this Court of subject matter jurisdiction and requires dismissal of Plaintiff's claims.  Plaintiff both rejects this argument and seeks to amend her complaint in order to clarify her pursuit of claims against Dr. Kothari under 42 U.S.C. § 1983.  Given their interrelated nature, the Court addresses both the summary judgment motion and the motion to amend within this Report and Recommendation.

A.    <u>Motion for Summary Judgment</u>

1.    <u>Summary Judgment Standard</u>:

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party

1   is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

2   showing on an essential element of the nonmoving party's case with respect to which the

3   nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23

4   (1986). The Court must draw all reasonable inferences in favor of the nonmoving party.

5   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

6         The moving party bears the initial burden of showing the district court an absence of

7   evidence to support the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325. The burden

8   then shifts to the nonmoving party to establish a genuine issue of material fact. *Matsushita Elec.*

9   *Indus. Co.*, 475 U.S. at 585-87. The opposing party must present significant and probative

10  evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952

11  F.2d 1551, 1558 (9th Cir. 1991).

12        2.    <u>Dr. Kothari's Motion for Summary Judgment</u>:

13        Dr. Kothari asserts her entitlement to summary judgment as a matter of law due to

14  Plaintiff's failure to comply with Washington's pre-suit notice requirements. Pursuant to RCW

15  4.92.100: "All claims against the state, or against the state's officers, employees, or volunteers,

16  acting in such capacity, for damages arising out of tortuous conduct, must be presented to the

17  risk management division." In other words, an individual must first file a claim with the Office

18  of Risk Management before filing a tort action against the State of Washington or against state

19  employees. *Levy v. State*, 91 Wn. App. 934, 941, 957 P.2d 1272 (1998). Also, pursuant to RCW

20  4.92.110:

21       No action subject to the claim filing requirements of RCW 4.92.100 shall be
     commenced against the state, or against any state officer, employee, or volunteer,

22       acting in such capacity, for damages arising out of tortious conduct until sixty
     calendar days have elapsed after the claim is presented to the office of risk

23       management in the department of enterprise services.

1    These requirements "'allow government entities time to investigate, evaluate, and settle claims.'"

2    *Lee v. Metro Parks Tacoma*, 183 Wn. App. 961, 968, 335 P.3d 1014 (2014) (quoting *Medina v.*

3    *Pub. Util. Dist. No. 1 of Benton Cnty.*, 147 Wn. 2d 303, 310, 53 P.3d 993 (2002)).

4         The RCW 4.92 claim-filing requirements are jurisdictional, mandatory, and operate as a

5    condition precedent to a suit against government bodies and employees.  *Mangaliman v.*

6    *Washington State DOT*, C11-1591-RSM, 2014 WL 1255342, at *4 (W.D. Wash. Mar. 26, 2014)

7    (citing *Levy*, 91 Wn. App. at 941-42).  Courts strictly construe compliance with these statutory

8    filing requirements.  *Schoonover v. State*, 116 Wn. App. 171, 178, 64 P.3d 677 (2003) (citations

9    omitted).  It is also well settled that dismissal of a case is proper when a plaintiff fails to comply

10   with the statutorily-mandated claim filing procedures.  *Hyde v. University of Washington*

11   *Medical Center*, 186 Wn. App. 926, 929, 347 P.3d 918 (2015); *Levy*, 91 Wn. App. at 942 (citing

12   *Kleyer v. Harborview Med. Ctr.*, 76 Wn. App. 542, 545-46, 887 P.2d 468 (1995)).  *See also*

13   *Malone v. Huguenin*, C11-5643-RBL, 2012 WL 3877731, at *3 (W.D. Wash. Sept. 6, 2012)

14   ("[Plaintiff's] state law claims must be dismissed.  [Plaintiff] fails to meet a condition precedent:

15   he failed to file a tort claim with the State prior to filing this complaint, as required by RCW

16   4.92.100."); *Amo v. Harborview Med. Ctr.*, 13 Wn. App. 2d 1019, 2020 WL 1917461, at *3-4

17   ("[B]efore filing her complaint for medical negligence against Harborview and its employee,

18   Amo was required to file a claim with the office of risk management in Olympia, pursuant to

19   RCW 4.92.110 and RCW 4.92.210.  Because she failed to do so, the trial court properly

20   dismissed the complaint."), *review denied*, 196 Wn. 2d 1010, 473 P.3d 258 (2020).

21         Dr. Kothari asserts the absence of any evidence Plaintiff filed a claim compliant with

22   RCW 4.92 prior to filing suit.  *See* Dkt. 16, ¶3 (David Kerwin, Washington Assistant Attorney

23   General and Division Chief for the UW Division, attests that he confirmed with the Office of

1   Risk Management and the Department of Enterprise Services that there is no indication Plaintiff

2   submitted a tort claim regarding the allegations raised in her complaint at any time prior to filing

3   her lawsuit).  Plaintiff does not dispute this contention.  *See* Dkt. 27.  She, instead, argues she

4   should be allowed to pursue her claims despite her failure to comply with RCW 4.92.   As

5   discussed below, Plaintiff's arguments lack merit.

6           a.    Civil rights claims:

7           Plaintiff first argues that 42 U.S.C. § 1983 applies to the medical malpractice claim

8   against Dr. Kothari.  She notes that the pre-suit notice requirements do not apply to § 1983

9   claims, *Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) ("In general, state notice of claim

10  statutes have no applicability to § 1983 actions.") (citing *Felder v. Casey*, 487 U.S. 131, 140–41

11  (1988)), and her inclusion of § 1983 claims in the complaint.  She also observes the greater

12  leniency generally afforded to pro se filings.

13          Although the Court does have an obligation to liberally construe pro se pleadings, it

14  "'may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*,

15  976 F.2d 469, 472 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of the University of Alaska*,

16  673 F.2d 266, 268 (9th Cir. 1982)).  In this case, the pleading alleges "Dr. Kothari is liable to the

17  plaintiff for medical malpractice" and includes Dr. Kothari's name in a claim alleging false arrest

18  and imprisonment.  Dkt. 1-1, ¶¶4.4-.5.  There is no basis for reading the pleading to also raise a §

19  1983 claim against Dr. Kothari merely because Plaintiff raised such claims against other named

20  Defendants.  The Complaint, in fact, clearly and specifically identifies separate and distinct

21  claims against the various Defendants.  *See, e.g., id.*, ¶4.7 (alleging liability of Vanderwielen,

22  Gurevich, Hunt and the City of Seattle for excessive force, damage to property, and Fourth and

23  Fourteenth Amendment violations), ¶4.8 (alleging Collins' liability for civil rights violations

1   based on a failure to adequately train, supervise, and discipline Vanderwielen), and ¶4.9

2   (alleging Seattle's liability for civil rights violations through the failure to train, supervise, and

3   discipline police officers).  Nor can the medical malpractice claim against Dr. Kothari be

4   reasonably interpreted to present an alleged constitutional violation.  *See, e.g. Broughton v.*

5   *Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "'indifference,'

6   'negligence,' or 'medical malpractice'" do not support a claim under § 1983).  The pleading does

7   not, in sum, include a § 1983 claim against Dr. Kothari.

8          b.      Estoppel:

9          Plaintiff next argues the State of Washington is estopped from requiring a pre-suit claim

10  due to the actions of its employees.  She asserts that, beginning in 2019, she asked Washington

11  State employees, including Defendant Collins and others, about necessary steps to take legal

12  action regarding the events underlying her claims and was not told about any pre-filing

13  requirement.  Dkt. 27 at 8-10.  She quotes emails she sent and received in support of this

14  contention and cites to exhibits in support, but does not provide a sworn declaration

15  substantiating her assertions or provide any exhibits.  *See id*. & Dkt. 28 at 2-3.

16         Even assuming Plaintiff had submitted competent evidence, her arguments are not

17  persuasive.  She asserts that Collins – a Defendant associated with incidents occurring before her

18  encounter with Dr. Kothari – responded to her inquiry as to where she could file a complaint

19  concerning the use of force by Washington State Troopers as follows:  "Your next step is

20  probably the Washington State Attorney General's Office.  But I am not an expert in these

21  matters.  WSP has concluded the investigation so we will not investigate this further."  Dkt. 27 at

22  10.  She states that two other individuals "discussed this matter in 2019 and denied any claim

23  payout, told plaintiff to just go and file a lawsuit, not talk to them anymore about this incident

1   since no additional paperwork was necessary or possible, and that no additional appeal to UW

2   Medicine was possible[.]" *Id*. at 11.  As Dr. Kothari asserts, these assertions do not establish

3   Plaintiff was told she had no duty to file a claim with the Office of Risk Management prior to

4   filing a lawsuit.

5           It further remains that compliance with the pre-suit notice requirements is strictly

6   construed and required, irrespective of an individual's knowledge of those requirements.  As

7   stated by the Washington Court of Appeals:  "No court has excused compliance with the presuit

8   claim filing statutes based on a lack of knowledge of the requirements.  To the contrary,

9   compliance with the claim filing procedure is mandatory even where the requirements might

10  appear to be 'harsh and technical.'"  *Amo*, 2020 WL 1917461, at *3  (quoting *Levy*, 91 Wn. App.

11  at 942).  For instance, in *Hardesty v. Stenchever*, 82 Wn. App. 253, 258-59, 917 P.2d 577 (1996),

12  the Court of Appeals cited to this strict understanding of the filing requirements in rejecting a

13  plaintiff's argument defendants should have been equitably estopped from relying on RCW 4.92

14  because no one at the UW Office of Risk Management, where plaintiff *had* filed a pre-suit claim,

15  informed her she was also required to file a claim at the Olympia Office of Risk Management.

16          In fact, Washington Courts have, on more than one occasion, rejected the contention

17  Harborview employees should have either informed a plaintiff of the pre-suit notice requirements

18  or taken some other affirmative step to ensure compliance with RCW 4.92.  *See, e.g.*, *Amo*, 2020

19  WL 1917461, at *1, 3 ("There was nothing misleading about Harborview's course of action in

20  conducting an internal investigation and referring Amo to the entity that sets standards and

21  accredits healthcare organizations or the entity that oversees physician licensing in Washington

22  and accepts consumer complaints against licensed physicians.  There is no authority for the

23  proposition that Harborview was required to assume that Amo intended to pursue litigation or

1   that it was obligated to take affirmative steps to ensure her compliance with the statutory

2   prerequisites for filing suit.  Indeed, we have rejected similar arguments in cases involving more

3   compelling facts.") (cited cases omitted); *Braun v. State*, 90 Wn. App. 1048, 1998 WL 236521,

4   at *2-3 (1998) (rejecting estoppel argument where UW risk management office informed

5   plaintiff it "was 'statutorily responsible for the management of claims against'" UW and

6   Harborview because the argument "fail[ed] to distinguish between the University's authority to

7   investigate and settle claims without litigation and the statutory claim filing requirements

8   imposed by RCW 4.92[.]"; noting the absence of authority suggesting any of the State agencies

9   with whom the plaintiff was communicating "were obligated to forward her claims or otherwise

10  undertake affirmative action on her behalf to satisfy the requirements of RCW 4.92.")  Plaintiff

11  may not, in sum, rely on the alleged communications with various State employees to excuse her

12  failure to comply with RCW 4.92.

13          c.      Disability:

14          Plaintiff, finally, asserts she was mentally incompetent and legally incapacitated both at

15  the time of her encounter with Dr. Kothari and later.  She points to an ITA court finding of

16  mental incompetence on April 30, 2019 and to other records she cites to as an exhibit, but does

17  not provide with her filing.  *See* Dkt. 27 at 11.  She expresses her desire to obtain and submit

18  additional records in support of this argument.  However, even if Plaintiff could demonstrate

19  legal incapacity, she would not be exempt from complying with RCW 4.92.  That is, while an

20  incapacitated claimant may be exempted from personally verifying a claim, such a claimant is

21  nonetheless required to file a pre-suit claim sixty days before filing a lawsuit.  *See, e.g., Levy*, 91

22  Wn. App. at 942-44; *Schoonover*, 116 Wn. App. at 177-79.  Nor would any additional evidence

23  alter this conclusion.  RCW 4.92 cannot be satisfied after a lawsuit is filed – it is a condition

1    precedent to filing.  *See Mangaliman*, 2014 WL 1255342, * 4.  Plaintiff's failure to satisfy RCW

2    4.92 compels the dismissal of her claims.  *See id*. (". . .  Plaintiff's intent to comply in the future

3    does not relieve the Court of its duty to enforce the statutorily codified condition precedent in the

4    instant case.  As Defendants timely asserted their affirmative defense and Plaintiff has failed to

5    comply entirely with the condition precedent of RCW 4.92, [her claims] shall be dismissed.")

6    B.    Motion to Amend

7        Plaintiff filed a motion to amend.  Dkt. 37.  She seeks to amend her pleading to specify

8    she brings a 42 U.S.C. § 1983 claim against Dr. Kothari "involving violation of her rights under

9    the Americans with Disabilities Act, 8th Amendment, and 14th  Amendment, as well as possibly

10   other constitutional or federal statutes, due to medical malpractice."  *Id*. at 1.

11       Dr. Kothari opposes the motion to amend.  Dkt. 57.  She contends a § 1983 claim would

12   be futile because a change in the allegation from malpractice to the intentional or deliberate

13   indifference required to establish a constitutional violation is untimely under the applicable

14   three-year statute of limitations and does not relate back to the original complaint, which rested

15   solely on a theory of negligence.  *See* Dkt. 57 at 3-7.  She asserts undue delay given that Plaintiff

16   has known about Dr. Kothari's care and treatment since their January 2019 encounter, more than

17   three years ago.  *See id*. at 7-8.  Dr. Kothari also asserts Plaintiff is motivated by bad faith, noting

18   her inclusion of civil rights claims against other Defendants and contending she only now seeks

19   to plead a § 1983 claim against Dr. Kothari given the impending dismissal of her state law

20   claims.  *See id*. at 8-9.  Dr. Kothari, finally, contends she would be substantially prejudiced with

21   an amendment of a meritless claim, brought only to keep her in this case, subjecting her to

22   further discovery, and necessitating she file another dispositive motion.  *See id*. at 9-10.

23

REPORT AND RECOMMENDATION - 10

1    Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to

2    amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a).  Granting leave to amend

3    serves the purpose of Rule 15 to "'facilitate decision on the merits, rather than on the pleadings

4    or technicalities.'"  *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoted source

5    omitted).  The rule should, as such, be interpreted and applied with "extreme liberality."

6    *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  However, leave

7    to amend may be denied where there is undue delay, bad faith or dilatory motive, undue

8    prejudice to the opposing party, or when the amendment would be futile.  *See Foman v. Davis*,

9    371 U.S. 178, 182 (1962).  *See also In re Rogstad*, 126 F.3d 1224, 1228 (9th Cir. 1997) (stating

10   that the decision on whether to grant leave to amend is generally determined by considering

11   these factors).

12       Plaintiff's motion to amend fails at a fundamental level.  Pursuant to the Court's Local

13   Civil Rules (LCR):

14       A party who moves for leave to amend a pleading . . . must attach a copy of the
         proposed amended pleading as an exhibit to the motion[.]  The party must indicate
15       on the proposed amended pleading how it differs from the pleading that it amends
         by bracketing or striking through the text to be deleted and underlining or
16       highlighting the text to be added.

17   LCR 15.  When evaluating the factors relevant to a motion to amend, the Court must consider the

18   facts and legal claims set forth in a proposed amended pleading.  Plaintiff did not submit a

19   proposed amended pleading with her motion.  She, instead, stated she could do so by April 30,

20   2022.  Dkt. 37.  However, to date, Plaintiff has not provided an amended pleading for the Court's

21   consideration.  The Court is not able to consider any possible new claims against Dr. Kothari and

22   any factual support for those claims, and is therefore unable determine whether the inclusion of

23   such claims would be futile, prejudicial, or would result in undue delay.

1     The Court is mindful that Plaintiff proceeds pro se in this matter.  However, there is no

2     basis for concluding she was unable to submit a pleading for the Court's consideration.  Indeed,

3     Plaintiff filed numerous documents subsequent to her motion to amend.  *See* Dkts. 38, 40, 44-46,

4     48-51, 54, 56, 58, 63.

5     The Court also observes that Plaintiff's filings include statements and arguments calling

6     into question her assertion that her intended claims against Dr. Kothari arise under § 1983.  Such

7     claims would require a showing that she suffered a violation of rights protected by the

8     Constitution or created by federal statute.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton*

9     *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  As related to medical treatment, Plaintiff would

10    be required to show deliberate indifference, rather than mere negligence or medical malpractice.

11    *See, e.g.*, *Broughton*, 622 F.2d at 460.  *See also Sandoval v. Cty. of San Diego*, 985 F.3d 657,

12    668-69 (9th Cir.) (claim of constitutionally inadequate medical care for non-prisoner requires a

13    showing the "defendant's actions were 'objectively unreasonable,' which requires a showing of

14    'more than negligence but less than subjective intent—something akin to reckless disregard.'")

15    (quoted source omitted), *cert. denied sub nom. San Diego Cty. v. Sandoval*, 142 S. Ct. 711

16    (2021).  However, in her motion, Plaintiff states her intention to amend with a § 1983 claim

17    involving violations of the Constitution and federal statutes "due to medical malpractice."  Dkt.

18    37 at 1.  In her reply, she focuses primarily on the Emergency Medical Treatment and Active

19    Labor Act (EMTALA), *see* Dkt. 58, a statute that "does not allow private suits against

20    physicians."  *Eberhardt v. City of Los Angeles*, 62 F.3d 1253, 1256-57 (9th Cir. 1995).  *See also*

21    Dkt. 57 (raising other arguments in opposition to the motion to amend).  The Court, for this

22    reason and for the reason stated above, concludes an order granting Plaintiff's motion to amend

23    is not warranted.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

CONCLUSION

Dr. Kothari's Motion for Summary Judgment, Dkt. 14, should be GRANTED, Plaintiff's Motion to Amend, Dkt. 37, should be DENIED, and Plaintiff's claims against Dr. Kothari should be DISMISSED.  A proposed order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 27, 2022**.

Dated this 9th day of May, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13