UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICKI CHANG,

        Plaintiff,

v.

ANDREW VANDERWIELEN, et al.,

        Defendants.

Case No. C22-0013-JCC-SKV

ORDER GRANTING MOTION TO EXTEND TIME TO FILE RESPONSIVE PLEADING

INTRODUCTION

Defendants Andrew Vanderwielen and Edward Collins, both of whom are employed by the Washington State Patrol, filed a Motion to Extend Time to File Responsive Pleading. Dkt. 62. They request an extension of fourteen days from the date of their motion to file a responsive pleading. Plaintiff opposes the motion. Dkt. 63. The Court, having considered the motion, opposition, and the remainder of the record, herein GRANTS Defendants' motion for an extension for the reasons set forth below.

BACKGROUND

Plaintiff filed this lawsuit on January 6, 2022, Dkt. 1, and served Defendant Vanderwielen on February 9, 2022 and Defendant Collins on February 10, 2022, Dkts. 44-45.

ORDER GRANTING MOTION TO EXTEND
TIME TO FILE RESPONSIVE PLEADING - 1

1  As a result, Defendants' responsive pleadings were due, respectively, on March 2nd and 3rd of
2  2022.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).  Defendants did not timely submit a responsive
3  pleading.  Now, in their April 28, 2022 filing, Defendants seek an extension of two weeks from
4  their motion to file a responsive pleading.  Dkt. 62.

5                                                                DISCUSSION

6          Under Federal Rule of Civil Procedure 6(b)(1)(B), "when an act may or must be done
7  within a specified time, the court may, for good cause, extend the time . . . on motion made after
8  the time has expired if the party failed to act because of excusable neglect."  In considering
9  excusable neglect, courts must weigh "(1) the danger of prejudice to the opposing party; (2) the
10 length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and
11 (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253,
12 1261 (9th Cir. 2010) (citing, *inter alia*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
13 507 U.S. 380, 395 (1993)).  The Court's determination on excusable neglect is "an equitable one,
14 taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv.*
15 *Servs. Co.*, 507 U.S. at 395.  The balancing of the equitable factors is "left to the discretion of the
16 district court in every case." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (en banc).
17         Rule 6(b)(1) should be "'liberally construed to effectuate the general purpose of seeing
18 that cases are tried on the merits.'" *Ahanchian*, 624 F.3d at 1258–59 (quoted sources omitted).
19 "'[A]bsent bad faith on the part of the movant or undue prejudice to the other parties to suit,
20 discretionary extensions should be liberally granted.'" *United States Fire Ins. Co. v. Icicle*
21 *Seafoods, Inc.*, No. C20-0401-RSM, 2021 WL 5038783, at *2 (W.D. Wash. Oct. 29, 2021)
22 (quoted sources omitted).

23

ORDER GRANTING MOTION TO EXTEND
TIME TO FILE RESPONSIVE PLEADING - 2

The Court finds good cause for the requested extension. Defendants explain their failure to timely submit their responsive pleading as due to the fact they did not have attorneys assigned to represent them until April 27, 2022, when their counsel entered their notices of appearance. *See* Dkts. 59-60. They state that, while it is true they could have filed a responsive pleading without an attorney, they are entitled to seek representation by the Washington State Office of the Attorney General, the agency charged with defending state employees. *See* RCW §§ 43.10.030, 43.10.040, 4.92.070; *see also* Wash. Const. art. 3, § 21 ("The attorney general shall be the legal adviser of the state officers, and shall perform such other duties as may be prescribed by law[.]") Defendants assert that, until the filing of the notices of appearances on April 27, 2022, they did not have attorney representation as authorized by statute. The Court finds this explanation reasonable, to provide good cause for the delay, and to support a conclusion that Defendants have acted in good faith.

The Court further finds the remaining factors to weigh in favor of granting an extension. The delay, while not insignificant in length, has not unduly impacted these proceedings. In fact, the Court only recently, on April 28, 2022, issued its Order Regarding Initial Disclosures, Joint Status Report and Early Settlement, setting an initial disclosure deadline of June 2, 2022 and a June 9, 2022 deadline for the submission of a Joint Status Report. Dkt. 61. Nor does an extension pose a danger of prejudice to Plaintiff. Plaintiff asserts an allowance of an extension would be prejudicial in light of the Court's denial of her own request for a continuance in relation to a dispositive motion filed by a different Defendant. However, as Plaintiff acknowledges, her request was denied in light of the fact she had already filed a comprehensive opposition brief. *See* Dkt. 33 at 1. On the other hand, were the Court to deny Defendants'

requested extension, they would be significantly prejudiced by the inability to file an answer to Plaintiff's allegations or to assert affirmative defenses.

The Court, in sum, finds good cause for the extension of time to file a responsive pleading under Rule 6(b)(1)(B).  The Court therefore finds Defendants Vanderwielen and Collins entitled to the relief requested.

## CONCLUSION

The Motion to Extend Time to File Responsive Pleading, Dkt. 62, is GRANTED.  The Court herein directs Defendants Vanderwielen and Collins to file a responsive pleading on or before **May 12, 2022**.  The Clerk shall send a copy of this Order to the parties.

Dated this 9th day of May, 2022.

*S. Kate Vaughan* (signature)

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING MOTION TO EXTEND
TIME TO FILE RESPONSIVE PLEADING - 4