UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICKI CHANG,<br><br>              Plaintiff,<br><br>       v.<br><br>ANDREW VANDERWIELEN, et al.,<br><br>              Defendants. | Case No. C22-0013-JCC-SKV<br><br>ORDER RE: MOTIONS FOR EXTENSION OF TIME |

Plaintiff proceeds pro se in this civil rights action. This matter comes before the Court on Plaintiff's Motion for Extension of Time re Motion to Dismiss, Dkt. 70, and Motion for Extension of Time, Dkt. 72. Plaintiff seeks a 28-day extension of time to respond to a Motion to Dismiss in which Defendants Edward Collins and Andrew Vanderwielen seek dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Dkt. 68. Defendants Collins and Vanderwielen oppose Plaintiffs' motions. Dkt. 76. The Court, having considered the motions for an extension, the opposition, any supporting documents, and the remainder of the record, herein finds and ORDERS as follows:

(1)     "When an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is

made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Plaintiff here in large part bases her request for an extension on her desire for more time to obtain discovery. She also seeks to further investigate Defendant Vanderwielen's history and to authenticate certain emails from Defendant Collins. However, Defendant Collins has agreed to stipulate to the fact he sent the emails Plaintiff seeks to authenticate, Dkt. 76 at 4, n.1, while the areas of investigation and discovery requests identified by Plaintiff are unrelated to the pending motion to dismiss, *see* Dkt. 70 & Dkt. 72 at 1 (describing discovery requests sent to Defendant Jane Gurevich and to non-party entities such as Seattle City Light and the City of San Francisco, and stating she "needs more time to investigate Vanderwielen's other alleged Brady offense in the list of links and why he seems to have been decertified from law enforcement."). Nor does the Court otherwise find additional discovery or investigation necessary prior to consideration of Defendants' motion. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (with a Rule 12(b)(6) motion, the Court accepts well-pleaded factual allegations as true and considers whether the complaint states a claim that is plausible on its face; the Rule 8 requirement of a "short and plain" statement of a claim "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.") Also, while the Court is sympathetic to Plaintiff's ongoing interest in finding counsel to represent her, *see* Dkt. 70 at 1, that interest does not warrant the extension requested. *See* Dkts. 4, 33 & 41 (denying motions for appointment of counsel and related motion for reconsideration given Plaintiff's failure to demonstrate a likelihood of success on the merits or the inability to articulate her claims pro se).

 The Court, in sum, does not find good cause for a 28-day extension of time to respond to Defendants' Motion to Dismiss. The Court also notes that Plaintiff did timely submit a short opposition to the motion and therein reiterated her desire for additional investigation and

ORDER RE: MOTIONS FOR EXTENSION OF
TIME - 2

discovery.  *See* Dkt. 78.  Now, having considered that effort, Plaintiff's pro se status, and that this is her first request for additional time in relation to this motion, the Court finds a brief extension warranted to allow for the filing of a supplemental opposition brief.  Plaintiff may, on or before **June 13, 2022**, submit a supplemental opposition brief to Defendants' Motion to Dismiss.  Defendants' Motion to Dismiss, Dkt. 68, is RENOTED for consideration on **June 17, 2022** and Defendants may submit a reply to the motion on or before that same date.  **Plaintiff is advised that no further extensions of this filing deadline will be granted**.

       (2)      The Clerk shall send a copy of this Order to the parties.

Dated this 1st day of June, 2022.

*[signature: Kate Vaughan]*

S. KATE VAUGHAN
United States Magistrate Judge

ORDER RE: MOTIONS FOR EXTENSION OF TIME - 3