THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICKI CHANG,<br><br>              Plaintiff,<br><br>   v.<br><br>ANDREW VANDERWIELEN, *et al.*,<br><br>              Defendants. | CASE NO. C22-0013-JCC<br><br>ORDER |

      This matter comes before the Court on Plaintiff's objection (Dkt. No. 67) to the Report and Recommendation ("R&R") of the Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. No. 65). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Plaintiff's objection, ADOPTS and APPROVES the R&R, GRANTS Defendant Dr. Riddhi Kothari's motion for summary judgment (Dkt. No. 14), and DENIES Plaintiff's motion to amend (Dkt. No. 37) for the reasons explained herein.

      Judge Vaughan's R&R summarizes Plaintiff's allegations and the procedural history of this case, (*see* Dkt. No. 65 at 1–3), which the Court will not repeat here. Presently before the Court is Plaintiff's objection (Dkt. No. 67) to Judge Vaughan's R&R (Dkt. No. 65). While Plaintiff titled this filing a "Declaration . . . Supporting Plaintiff's Motion to Amend," and went on to ask the Court to "reconsider" Judge Vaughan's earlier decision denying leave to amend,

(*see* Dkt. No. 67 at 1), the Court considers the declaration as an objection to Judge Vaughan's R&R, brought pursuant to Federal Rule of Civil Procedure 72.

According to Rule 72, a district court reviews *de novo* those portions of an R&R to which a party properly objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). The district court is not required to review "any issue that is not the subject of an objection." *Id.* at 149.

Plaintiff's objections are not responsive to Judge Vaughan's R&R. Plaintiff does not dispute, for example, that Chapter 4.92 RCW applies to any tort-based claims alleged against Dr. Kothari. (*See generally* Dkt. No. 67.) Nor does she dispute that she failed to comply with Chapter 4.92's pre-suit notice requirements before filing the instant action, or that her complaint specifically alleges conduct that could only reasonably be interpreted as supporting a tort-based medical negligence claim rather than a federal constitutional one. (*See generally id.*) For Plaintiff to state a federal civil rights claim based on Dr. Kothari's treatment, she would need to demonstrate Dr. Kothari's deliberate indifference to Plaintiff's medical needs. *See* 42 U.S.C. § 1983; *see also Sandoval v. Cnty. of San Diego*, 985 F.3d 657–58 (9th Cir. 2021) (constitutionally inadequate medical care requires a showing of more than mere negligence). Plaintiff's complaint provides no such facts. (*See generally* Dkt. No. 1.)

Moreover, even if Plaintiff's proposed amended complaint were timely, it would not cure the ills described above, at least with respect to a potential § 1983 claim against Dr. Kothari. It contains nothing more than legal conclusions. (*See* Dkt. Nos. 67-1, 69 (proposed amended complaint and exhibit).) This is not sufficient to satisfy Federal Rule of Civil Procedure 8.[1] *See Jones v. Cmty. Redev. Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984).

---

[1] Although courts hold *pro se* plaintiffs to less stringent pleading standards than represented parties, they still must satisfy the Federal Rules of Civil Procedure. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

For the foregoing reasons the Court hereby ORDERS that:

1. Plaintiff's objection the R&R (Dkt. No. 67) is OVERRULED;
2. The R&R (Dkt. No. 65) is ADOPTED and APPROVED;
3. Dr. Kothari's motion for summary judgment (Dkt. No 14) is GRANTED and Plaintiff's motion to amend (Dkt. No. 37) is DENIED;
4. Plaintiff's claims against Dr. Kothari are DISMISSED; and
5. The Clerk is DIRECTED to send copies of this Order to the parties and to Judge Vaughan.

DATED this 1st day of May 2022.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE