UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICKI CHANG,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ANDREW VANDERWIELEN, et al.,<br><br>　　　　　　Defendants. | Case No. C22-0013-SKV<br><br>ORDER RE: MOTIONS TO APPOINT COUNSEL AND FOR PROTECTIVE ORDER |

   Plaintiff proceeds pro se in this civil rights action. This matter comes before the Court on Plaintiff's Application for Court-Appointed Counsel, Dkt. 82, and a Motion for Protective Order filed by Defendants Washington State Patrol Troopers Andrew Vanderwielen and Edward Collins ("WSP Defendants"), Dkt. 85. The Court, having considered the motions, any documents filed in support or opposition, and the remainder of the record, herein finds and ORDERS as follows:

   (1)   Plaintiff seeks the appointment of counsel. Dkt. 82. This is Plaintiff's third such request. *See* Dkts. 4 & 33 (Order denying first and second motions). In support of the current request, Plaintiff states that she has contacted over five attorneys over the last three years and has

1  discussed her claims with various other individuals and officials, some of whom have told her
2  that her claims have merit. Dkt. 82 at 2.

3      Under 28 U.S.C. § 1915(e)(1), "[t]he Court may request an attorney to represent any
4  person unable to afford counsel." However, there is no right to appointment of counsel in a civil
5  case. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). Moreover,
6  the Court may appoint counsel only in exceptional circumstances. *Wilborn v. Escalderon*, 789
7  F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation
8  of both the likelihood of success on the merits and the ability of the plaintiff to articulate his
9  claims pro se in light of the complexity of the legal issues involved." *Id*. These factors must be
10 viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id*.

11     The Court again finds no basis for granting Plaintiff's request. First, Plaintiff has not
12 demonstrated an inability to afford counsel. *See, e.g.*, Dkt. 41 at 2 (noting Plaintiff paid the
13 filing fee in this matter and denying her application to proceed *in forma pauperis* due to her
14 failure to provide complete and detailed financial information to allow for a determination of her
15 eligibility). Second, and as previously found by the Court on two occasions, Plaintiff fails to
16 demonstrate either a likelihood of success on the merits or the inability to articulate her claims
17 pro se. Accordingly, Plaintiff's third Motion to Appoint Counsel, Dkt. 82, is DENIED.

18     (2)    WSP Defendants filed a motion for a protective order staying discovery limited at
19 them pending a decision on their motion to dismiss. Dkt. 85. The Court recently granted in part
20 and denied in part WSP Defendants' motion to dismiss. *See* Dkt. 104. Given that ruling, the
21 motion for a stay of discovery is in large part moot. However, the Court denied dismissal in
22 relation to Plaintiff's Fourth Amendment excessive force claim against Trooper Vanderwielen.
23 The Court does not, as such, find good cause for entry of a protective order under Federal Rule

of Civil Procedure 26(c).  Accordingly, WSP Defendants' Motion for a Protective Order, Dkt. 85, is DENIED.  The Court advises Plaintiff that, because her other claims against WSP Defendants have been dismissed, she may only pursue discovery from WSP Defendants in relation to Trooper Vanderwielen and her excessive force claim against him under the Fourth Amendment.

(3)    The Clerk shall send a copy of this Order to the parties.

Dated this 21st day of July, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge