UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICKI CHANG,

                Plaintiff,

    v.

ANDREW VANDERWIELEN, et al.,

                Defendants.

Case No. C22-0013-SKV

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL DISCOVERY
FROM DEFENDANT JANE
GUREVICH

## INTRODUCTION AND BACKGROUND

Plaintiff Vicki Chang proceeds pro se in this civil rights action. Her claims relate to

events occurring at the University of Washington Harborview Medical Center (Harborview) in

early January 2019, including, *inter alia*, her forcible removal from Harborview by security

guard Jane Gurevich and Washington State Trooper Andrew Vanderwielen, and her arrest

following an allegation she assaulted Gurevich during that removal. Dkts. 1 & 1-1.

This matter comes before the Court in relation to Plaintiff's Motion to Compel Discovery

from Defendant Gurevich. Dkt. 94. Plaintiff contends Gurevich's responses to a number of

discovery requests she served in April 2022 were not compliant. She attests that the parties met

and conferred regarding this discovery dispute and were unable to come to an agreement. *See*

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL DISCOVERY FROM DEFENDANT
JANE GUREVICH - 1

1    Dkt. 95.  *See also* Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 37(a)(1) (meet and confer

2    requirements).  Gurevich opposes the motion to compel.  Dkt. 101.  The Court, having

3    considered the motion, opposition, and the remainder of the record, herein DENIES Plaintiff's

4    motion to compel.

5                                                DISCUSSION

6    A.        Relevant Standards

7            Federal Rule of Civil Procedure 26 governs the production of discovery.  Pursuant to that

8    rule:

9            Parties may obtain discovery regarding any nonprivileged matter that is relevant
             to any party's claim or defense and proportional to the needs of the case,
10           considering the importance of the issues at stake in the action, the amount in
             controversy, the parties' relative access to relevant information, the parties'
11           resources, the importance of the discovery in resolving the issues, and whether the
             burden or expense of the proposed discovery outweighs its likely benefit.

12

13   Fed. R. Civ. P. 26(b)(1).  Information need not be admissible in order to be discoverable.  *Id*.

14   "Relevant information for purposes of discovery is information 'reasonably calculated to lead to

15   the discovery of admissible evidence.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625,

16   635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th

17   Cir. 1992)).  "'The court should and ordinarily does interpret "relevant" very broadly to mean

18   matter that is relevant to anything that is or may become an issue in the litigation.'"

19   *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, Federal

20   Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).  "District courts have broad discretion in

21   determining relevancy for discovery purposes." *Surfvivor Media, Inc.*, 406 F.3d at 635.

22           Under Rule 37, "[a] party seeking discovery may move for an order compelling an

23   answer, designation, production, or inspection."  Fed. R. Civ. P. 37 (a)(3)(B).  The Court may

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL DISCOVERY FROM DEFENDANT
JANE GUREVICH - 2

1    order a party resisting discovery to provide further responses to an "evasive or incomplete

2    disclosure, answer, or response[.]" Fed. R. Civ. P. 37(a)(4).  The party seeking to compel

3    discovery must establish that the discovery sought is relevant.  *See* Fed. R. Civ. P. 26(b)(1).  A

4    party resisting discovery bears the burden of showing the discovery should not be allowed and of

5    "'clarifying, explaining, and supporting its objections' with competent evidence[.]" *Doe v.*

6    *Trump*, 329 F.R.D. 262, 270-71 (W.D. Wash. 2018) (quoting *Blemaster v. Sabo*, No. C16-4557,

7    2017 WL 4843241, at *1 (D. Ariz. Oct. 25, 2017)).

8    B.       Contested Discovery Responses

9           Plaintiff seeks to compel Gurevich to answer five interrogatories and three requests for

10   production.  *See* Dkt. 94.  The Court addresses the contested discovery requests below.

11           1.       Interrogatory No. 1 and Request for Production No. 4:

12          Plaintiff's first interrogatory asks that Gurevich state her name, date of birth, place of

13   birth, and last four digits of her social security number.  Dkt. 102, Ex. A at 3.  Her fourth request

14   for production seeks Plaintiff's "W-2 or other documentation" from seven years of employment,

15   with the social security number redacted.  *Id*. at 5.  In response to the interrogatory, Gurevich

16   provided her name, country of birth, and year of birth, but otherwise objected to the request as

17   unduly invading her personal privacy and seeking details of her personal history not relevant and

18   not likely to lead to the discovery of admissible evidence.  *Id*. at 3.  She raised the same

19   objections to the request for her W-2s or other documentation, while noting her paychecks were

20   signed by the University of Washington.  *Id*. at 5.

21          Plaintiff takes issue with Gurevich's refusal to provide her W-2s, "paystubs, direct

22   deposits at a bank or HR contacts verifying employment," maintaining this is "pretty standard as

23   a discovery request."  Dkt. 94 at 4.  She argues that, given Gurevich's refusal to provide this and

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL DISCOVERY FROM DEFENDANT
JANE GUREVICH - 3

1    other documentation, the omitted day and month of birth, City and province of birth, and last

2    four digits of the social security number are "even more necessary." *Id*. at 2.  Plaintiff does not,

3    however, meet her burden to establish the relevance of the discovery sought.  It is not at all clear,

4    for example, how Gurevich's city and province of birth or her W-2s could be said to be

5    reasonably calculated to lead to the discovery of admissible evidence in this case.  The Court,

6    without a showing of relevance, finds Gurevich's responses to these discovery requests

7    appropriate and no basis for requiring her to provide additional information or documentation.

8         2.      <u>Interrogatory No. 4 and Request for Production No. 3</u>:

9       Plaintiff's fourth interrogatory asks Gurevich to describe in detail "incidents where you

10    filed charges, were charged with, or appeared as a witness in any crimes involving perjury,

11    assault, battery, false/unlawful arrest, false imprisonment, harassment, homicide, attempted

12    homicide, theft, [or] property damage," and the resolution of any such charges, "including

13    against the plaintiff[.]" Dkt. 102, Ex. A at 4.  It also asks that Gurevich discuss her "availability

14    to the police as a witness if you claimed you were a victim or witness to these alleged crimes,

15    including and especially accusing the plaintiff Vicki Chang of assaulting you by bicycle kicking

16    you in January 2019[.]" *Id*.  Gurevich objected that the interrogatory was vague, compound, and

17    confusing and, while adding that she did not understand what the question was asking, pointed to

18    and attached her report regarding the incident.  *Id*.

19       In the third request for production, Plaintiff asks for all court documents, videos,

20    photographs, evidence, and other communications discussing the above-described charges,

21    "especially the assault charge for 'bicycle kicking[.]'" *Id*.  In response, Gurevich again pointed

22    to her report and provided surveillance video footage of the incident.  *Id*.

23

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL DISCOVERY FROM DEFENDANT
JANE GUREVICH - 4

1    Plaintiff fails to support her request to compel in relation to these discovery requests.  Her

2    feeling that it is "extremely unlikely" a security guard has never been involved in the incidents

3    identified, Dkt. 94 at 2-3, does not suffice to demonstrate the response was evasive or

4    incomplete.  Her additional arguments directed towards the merits of her claims, *see id*. at 3, are

5    not relevant to the motion to compel.  Gurevich accurately deemed the interrogatory vague,

6    compound, and confusing, while providing documentation answering the questions as to her

7    appearance and availability as a witness to the incident at issue in this lawsuit.  Also, while

8    Plaintiff may prefer video evidence in "either an mp-4 or uploaded to Youtube", *id.*, Gurevich

9    reasonably provided video evidence in a different format, accompanied by step-by-step

10   instructions for accessing the video content, *see* Dkt. 102, Ex. C.

11        3.    Interrogatory No. 5:

12        Plaintiff's fifth interrogatory asks for Gurevich's employment history for the seven years

13   preceding the January 2019 incident, "especially in any security or medical setting."  Dkt. 102,

14   Ex. A at 4.  Gurevich responded that her role as a Harborview Campus Security Officer was the

15   only security job she had held, that she had worked as an Emergency Medical Technician and as

16   an "ER tech" prior to that job, and provided a copy of her resume.  *Id*. at 5.

17        Plaintiff argues the resume appears to be materially inaccurate because she was told in a

18   phone call with "Kaiser Permanente-Bellevue" that it neither currently, nor at the time of

19   Gurevich's prior employment had an Emergency Department.  Dkt. 94 at 3-4.  This argument

20   does not demonstrate any basis for relief.  Gurevich not only answered the interrogatory, she

21   went beyond the request by providing a copy of her resume.  To the extent Plaintiff disputes the

22   accuracy of the resume, she may inquire into such issues in a deposition and/or through cross-

23   examination at trial.

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL DISCOVERY FROM DEFENDANT
JANE GUREVICH - 5

1          4.        Interrogatory No. 6:

2          Plaintiff's sixth interrogatory asks whether any complaints had been made to any of

3    Gurevich's employers in the past seven years regarding her "behavior in preventing them from

4    accessing medical care, filing false criminal charges, theft, assault, harassment, rude behavior,

5    battery, discrimination, or other harm, especially UW Medicine?" Dkt. 102, Ex. A at 5.  It

6    further asks whether such complaints resulted in disciplinary action, leave, or termination.  *Id*.

7    Gurevich responded that she had never been disciplined during her time at Harborview, adding:

8    "People do complain about security, but I have no knowledge of any specific complaints over the

9    past seven years." *Id*.

10         Plaintiff objects to this response in that Gurevich does not discuss Plaintiff's complaint to

11   Harborview about Gurevich, does not provide "HR contacts or authorization to ask any

12   employers about these complaints[,]" or "cite any legal authority to support her position on this

13   issue." Dkt. 94 at 4.  These objections lack merit.  Gurevich properly responded to the questions

14   asked in the interrogatory and need not have expanded on that response in a manner preferred by

15   Plaintiff.

16         5.        Interrogatory No. 7 and Request for Production No. 5:

17         In her seventh interrogatory, Plaintiff asks whether Gurevich "publicly post[ed] content

18   on Facebook and Yelp reviews claiming that car dealers, including Autohaus in Washington,"

19   sold her a car with brakes that failed within twenty-four hours of driving off the lot, and, if so,

20   whether employees of those businesses asked her to (a) stop "libeling, slandering, or defaming

21   their business"; (b) identified the claim as false; (c) informed her the false claim had cost them

22   business and/or reputational harm; and (d) "had an attorney ask you about this issue, take legal

23   action about this issue, or had you make legal agreements to stop" making the claim.   Dkt. 102,

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL DISCOVERY FROM DEFENDANT
JANE GUREVICH - 6

1   Ex. A at 5-6.  In her fifth request for production, Plaintiff asked Gurevich to produce her Yelp

2   and Facebook reviews, "including from the past, for businesses involving cars including

3   Autohaus." *Id*. at 6.

4          In moving to compel, Plaintiff argues Gurevich refused to discuss these questions or to

5   provide responsive documents.  However, Gurevich properly objected to these discovery

6   requests as not reasonably calculated to lead to the discovery of admissible evidence.  *See id*.

7   She also reasonably indicated she had posted a Google review after the brakes in a car she was

8   driving failed, that any such review could be found on the internet, and that she did not have a

9   personal copy of the review.  *Id*.  No further response was necessary.

10                                    CONCLUSION

11         For the reasons explained above, Plaintiff's Motion to Compel Discovery from Defendant

12  Gurevich, Dkt. 94, is DENIED.  The Clerk shall send copies of this Order to the parties.

13         Dated this 21st day of July, 2022.

14

15                                     S. KATE VAUGHAN
                                       United States Magistrate Judge

16

17

18

19

20

21

22

23

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL DISCOVERY FROM DEFENDANT
JANE GUREVICH - 7