1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

VICKI CHANG,

8                          Plaintiff,

9          v.

10    ANDREW VANDERWIELEN, et al.,

11                          Defendants.

12

Case No. C22-0013-SKV

ORDER GRANTING CITY OF
SEATTLE AND BRIAN HUNT'S
MOTION TO DISMISS

13                    <u>INTRODUCTION</u>

14          Plaintiff Vicki Chang, proceeding pro se, raises claims under 42 U.S.C. § 1983 and state

15    law relating to events occurring at the University of Washington Harborview Medical Center

16    (Harborview).  Dkts. 1 & 1-1.  She named as Defendants Washington State Patrol Troopers

17    Andrew Vanderwielen and Edward Collins, Seattle Police Officer Brian Hunt, the City of Seattle

18    (City), and University of Washington employees Jane Gurevich and Dr. Riddhi Kothari, D.O.

19    The Court dismissed Plaintiff's claims against Dr. Kothari, Collins, and Gurevich, as well as her

20    claims against Vanderwielen for damage to and seizure of her personal property.  Dkts. 65, 80,

21    104 & 130.  The Court denied dismissal of the excessive force claim against Vanderwielen

22    without prejudice to his filing of a summary judgment motion in relation to that claim.  Dkt. 104.

23          Defendants City of Seattle and Brian Hunt (collectively, "City Defendants") now move to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(c).  Dkt. 116.  Plaintiff

opposes the motion.  Dkts. 119, 132-33.[1]  The Court, having considered the relevant briefing, herein finds and concludes as stated below.

<u>BACKGROUND</u>

On January 6, 2019, Plaintiff arrived at Harborview experiencing significant physical and emotional distress and seeking medical care.  Dkts. 1 & 1-1.  She alleges that, while being forcibly removed from the facility, Vanderwielen and Gurevich assaulted her, damaged her personal property, and wrongfully accused her of kicking Gurevich.  *Id*.  Hunt "then arrived and arrested plaintiff, claiming he 'tried to get her side of the story,' which is pretty contrary to her recollection."  Dkt. 1-1 at 4.  Plaintiff was held in jail for two days, without an attorney, "and mistreated in many ways[.]"  *Id*.  While told no charges would be filed against her, Plaintiff was later arrested on a warrant, but subsequently declared mentally incompetent and the charges against her were dismissed.  *Id*. at 4-5, 7.  Plaintiff alleges that Hunt has a prior history of misconduct, was involved in a civil lawsuit involving false arrest, assault, and civil rights violations, "including racially and/or nationally motivated violations[,]" and that the City settled this and other complaints against him.  *Id*. at 6.

Plaintiff filed her Complaint in this Court on January 6, 2022.  Dkt. 1-1.  She brings state law claims against Hunt for false arrest and false imprisonment, damage to her personal property, lost wages, and emotional distress, and against the City for malicious prosecution and negligence in training and supervision.  *Id*. at 7-8.  She alleges the City Defendants are also liable for

---

[1] Plaintiff's Motion to Extend Time to respond to Defendants' motion, Dkt. 134, is DENIED as unnecessary.  The Court previously granted Plaintiff a four-week extension of time, Dkt. 124, and Plaintiff timely filed three separate responses, Dkts. 119, 132-33, as well as a "motion to include [additional] relevant points", Dkt. 136.  The Court construes the latter filing as a supplementary response, accepts that filing for consideration, and herein STRIKES the noting date.  The Court also DENIES Plaintiff's Motion to File Surreply, Dkt. 138, because the proposed surreply is not, as is required, strictly limited to requests to strike material in the opposing party's reply.  Local Civil Rule 7(g)(2) ("Extraneous argument or a surreply filed for any other reason will not be considered.")

1    violations of her Fourth and Fourteenth Amendment rights proximately resulting from excessive

2    force and damage to and seizure of personal property, and "believes that this incident was

3    possibly motivated by race, national origin, and/or disability status and asks for damages under

4    RCW 9A.36.083." *Id*. at 8.  Plaintiff, finally, alleges the City is liable for civil rights violations

5    to the extent the failure to train, supervise, and discipline police officers is a policy, practice, or

6    custom of the City.  *Id*.

7         Plaintiff filed a pre-suit tort claim on February 27, 2022, almost two months after filing

8    her lawsuit.  *See* Dkt. 117, ¶¶4-6.[2]  The City Defendants now seek dismissal of Plaintiff's claims.

9                                        DISCUSSION

10        The City Defendants move to dismiss Plaintiff's claims under Rule 12(b)(1) and 12(c).

11   They argue Plaintiff's state law claims should be dismissed for lack of jurisdiction due to

12   Plaintiff's failure to comply with the pre-suit notice requirements of RCW 4.96 and that her §

13   1983 claims should be dismissed due to the failure to state a claim.  They argue dismissal should

14   be with prejudice because Plaintiff's claims are barred by applicable statutes of limitations.

15   A.    Rule 12(b)(1) Motion to Dismiss

16        A defendant may move for dismissal under Rule 12(b)(1) if the Court lacks subject

17   matter jurisdiction over the claims at issue.  "'Federal courts are courts of limited jurisdiction,'

18   possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S.

19   251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

20   The party asserting jurisdiction bears the burden of establishing jurisdiction exists.  *See*

21   *Kokkonen*, 511 U.S. at 377.

22

23

---

[2] The cited declaration was submitted and is properly considered only for purposes of considering the Rule 12(b)(1) motion to dismiss.  *See infra* at 4.

In considering a Rule 12(b)(1) motion to dismiss, the Court assumes as true the factual allegations in the complaint and resolves any factual ambiguities in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted).  The Court may not, however, draw any jurisdictional inferences in favor of the plaintiff.  *See Norton v. Larney*, 266 U.S. 511, 515 (1925); *Drakos*, 140 F.3d at 131 (citation omitted).  In reviewing a motion under Rule 12(b)(1), the Court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

The City Defendants argue Plaintiff's state law claims should be dismissed due to Plaintiff's failure to comply with the applicable tort claim presentment statute.  The Court, as discussed below and as previously determined in relation to Dr. Kothari, Vanderwielen, Collins, and Gurevich, *see* Dkts. 65, 80, 104 & 130, finds Plaintiff's state law claims properly dismissed.

Washington law requires the filing of a claim for damages before filing a lawsuit alleging tortious conduct by a local governmental entity or that entity's officers, employees, or volunteers.  RCW 4.96.010(1).  The claim must be presented to the agent appointed by the governmental entity to receive the claim and, once filed, a claimant must wait sixty calendar days before filing a lawsuit.  RCW 4.96.020(2) and (4).  For claims against the City of Seattle or its employees, a claimant must present and file with the City Clerk a written Claim for Damages and include, *inter alia*, relevant identifying information for the claimant and a description of the claims and basis for liability.  Seattle Municipal Code (SMC) 5.24.005(a).  *See also* SMC 5.24.005(c) ("A lawsuit based upon the allegations of a Claim for Damages may not be instituted against the City within 60 days of the filing of such claim.").

The purpose of the pre-suit claim filing requirements is "'to allow government entities time to investigate, evaluate, and settle claims' before they are sued." *Renner v. City of Marysville*, 168 Wn.2d 540, 545, 230 P.3d 569 (2010) (quoting *Medina v. Pub. Util. Dist. No. 1*, 147 Wn.2d 303, 310, 53 P.3d 993 (2002)). *See also Hintz v. Kitsap Cty.*, 92 Wn. App. 10, 13, 960 P.2d 946 (1998) (pre-suit claim requirements serve "the important function of fostering inexpensive settlements of tort claims.")[3]  They are jurisdictional, mandatory, and operate as a condition precedent to a suit against government bodies and employees. *Mangaliman v. Washington State DOT*, C11-1591-RSM, 2014 WL 1255342, at *4 (W.D. Wash. Mar. 26, 2014) (citing *Levy v. State*, 91 Wn. App. 934, 941-42, 957 P.2d 1272 (1998)).  Courts strictly construe compliance with these statutory filing requirements. *Schoonover v. State*, 116 Wn. App. 171, 178, 64 P.3d 677 (2003) (citations omitted).

It is also well settled that dismissal of a case is proper when a plaintiff fails to comply with the statutorily-mandated claim filing procedures. *Hyde v. University of Washington Medical Center*, 186 Wn. App. 926, 929, 347 P.3d 918 (2015); *Westway Const., Inc. v. Benton Cty.*, 136 Wn. App. 859, 867, 151 P.3d 1005 (2006) ("A court must dismiss any action commenced in violation of a statutorily mandated claim filing condition precedent.")  This remains true whether or not a plaintiff is aware of the pre-suit claim filing requirement.  As observed by this Court: "No court has excused compliance with the presuit claim filing statutes based on a lack of knowledge of the requirements.  To the contrary, compliance with the claim filing procedure is mandatory even where the requirements might appear to be 'harsh and

---

[3]  The pre-suit notice requirements do not apply to Plaintiff's § 1983 claims. *Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) ("In general, state notice of claim statutes have no applicability to § 1983 actions.") (citing *Felder v. Casey*, 487 U.S. 131, 140–41 (1988)).

1  technical.'" *Amo v. Harborview Med. Ctr.*, 13 Wn. App. 2d 1019, 2020 WL 1917461, at *3

2  (quoting *Levy*, 91 Wn. App. at 942), *review denied*, 196 Wn. 2d 1010, 473 P.3d 258 (2020).

3        In this case, on February 28, 2022, the City received an incomplete and otherwise

4  improper tort claim filing from Plaintiff.  Dkt. 117, ¶¶4-5 (describing email sent to City Clerk's

5  office containing several documents relating to this lawsuit, a Washington State tort claim form,

6  and a printout of instructions on how to file a claim for damages with the City, but not including

7  City notice of claim paperwork).  Moreover, even if the tort claim form had been proper, it was

8  filed almost two months *after* the filing of Plaintiff's Complaint on January 6, 2022.  Plaintiff

9  does not dispute this fact.

10       Submitting a tort claim after a lawsuit has commenced does not satisfy Washington's pre-

11  suit notice requirement.  *See, e.g.*, *Pickard-Aguilar v. Washington State Emp. Sec. Dep't*, No.

12  C20-1248-RSM-DWC, 2020 WL 8093446, at *2 (W.D. Wash. Dec. 18, 2020) (stating that a

13  notice requirement "cannot be satisfied after a litigant is already inside the courthouse—it is a

14  condition precedent to entering."), *report and recommendation adopted*, 2021 WL 124334 (Jan.

15  13, 2021) (citing *Mangaliman*, 2014 WL 1255342, *4).  Plaintiff's failure to meet this

16  jurisdictional condition precedent requires that the Court dismiss her state law claims.[4]

17  B.    Rule 12(c) Motion to Dismiss

18       A party may move for judgment on the pleadings after the pleadings are closed, but early

19  enough not to delay trial.  Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is proper when,

20  taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter

21  of law."  *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006).

22

23       [4] Plaintiff asserts that the statute of limitations for her state tort claims should be equitably tolled
due to her disability.  Dkt. 132 at 16; Dkt. 133 at 17.  To the extent this assertion was also intended to
address the pre-suit claim filing requirement, the Court previously addressed and rejected this and other
arguments, *see* Dkt. 65 at 7-10, and declines to reiterate its reasoning herein.

ORDER GRANTING CITY OF SEATTLE AND
BRIAN HUNT'S MOTION TO DISMISS - 6

The Court reviews a Rule 12(c) motion under the same standard as a motion under Rule 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Rule 12(b)(6) provides for dismissal based on the absence of either a cognizable legal theory or sufficient facts to support a claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). The Court also liberally construes a *pro se* pleading. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). However, "'conclusory allegations of law and unwarranted inferences' will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (citations omitted).

The Court may not, as a general matter, consider materials outside the pleadings in ruling on a motion under Rule 12(b)(6) or Rule 12(c) without treating the motion as one for summary judgment. Fed. R. Civ. P. 12(d). Exceptions to this rule include material properly submitted as a part of the pleading, the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).[5]

---

[5] Under Rule 201, the Court may take judicial notice of an adjudicative fact "not subject to reasonable dispute" because it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This allows for consideration of "'matters of public record'" but not "disputed facts contained in such public records." *Khoja*, 899 F.3d at 1002 (quoting *Lee*, 250 F.3d at 689-90). A document is incorporated by reference where the claim depends on the contents of a document, the moving party attaches the document to its motion, and the parties do not dispute the authenticity of the document, even though its contents are not explicitly alleged in the pleading. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

1    Plaintiff brings claims under § 1983.  In order to sustain a § 1983 claim, a plaintiff must

2    show (1) she suffered a violation of rights protected by the Constitution or created by federal

3    statute, and (2) the violation was proximately caused by a person acting under color of state or

4    federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420

5    (9th Cir. 1991).  Plaintiff does not, for the reasons discussed below, state a § 1983 claim against

6    either of the City Defendants.

7        1.    Officer Hunt

8    Plaintiff alleges Hunt violated her Fourth and Fourteenth Amendment rights through

9    excessive force and causing damage to and seizure of her personal property.  Dkt. 1-1 at 8.  She

10   alleges he was "possibly motivated by race, national origin, and/or disability status and asks for

11   damages under RCW 9A.36.083."  Dkt. 1-1 at 8.  She also alleges Hunt has a prior history of

12   misconduct, and was involved in a civil lawsuit involving false arrest, assault, and civil rights

13   violations, "including racially and/or nationally motivated violations."  *Id*. at 6.

14   A plaintiff in a § 1983 action must allege facts showing how individually named

15   defendants caused or personally participated in causing the harm alleged in the complaint.

16   *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  Plaintiff does not allege any facts showing

17   how Hunt caused or personally participated in causing the harm alleged.  The facts in the

18   Complaint associated with the allegations of excessive force and damage to and seizure of

19   personal property involve only Gurevich and/or Vanderwielen. Dkt. 1-1 at 3-4.  As related to

20   Hunt, Plaintiff alleges only that Hunt arrived on the scene *after* her altercation with Gurevich and

21   Vanderwielen, and that he spoke with her and other witnesses before arresting her for assault.

22   *Id*. at 4.  She does not offer any facts supporting a contention that Hunt displayed a

23   discriminatory animus during their interaction.  She may not rely on his alleged prior misconduct

ORDER GRANTING CITY OF SEATTLE AND
BRIAN HUNT'S MOTION TO DISMISS - 8

and involvement in civil litigation unrelated to this case as a substitute for facts establishing a

constitutional violation in the current matter.

Plaintiff also attempts to raise a number of other allegations in responding to the motion

to dismiss, such as an alleged violation of her rights under the Eighth Amendment and the

Emergency Medical Treatment and Active Labor Act (EMTALA).  *See* Dkts. 119, 132-33.

However, because these allegations are not included in the Complaint, they do not serve to avoid

dismissal under Rule 12(c).  *See also* Dkts. 65, 104 & 130 (explaining why Plaintiff could not

state such claims even if they had been pled).

In sum, the facts as alleged by Plaintiff do not suffice to state a claim against Hunt under

§ 1983.  Plaintiff's allegations against Hunt are unsupported, vague, and conclusory, and thus

insufficient to withstand the motion to dismiss.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673

F.2d 266, 268 (9th Cir. 1982).  Because Plaintiff fails to state a claim upon which relief may be

granted, Hunt is entitled to dismissal of Plaintiff's claims.[6]

2.      Municipal Liability

Plaintiff alleges the City is liable for violations of her Fourth and Fourteenth Amendment

rights proximately resulting from excessive force and damage to and seizure of her personal

property.  Dkt. 1-1 at 8.  She alleges the City is liable for civil rights violations to the extent the

failure to train, supervise, and discipline police officers is a policy, practice, or custom of the

City.  *Id*.  She also alleges that the City settled prior claims/cases involving Hunt.  *Id*. at 6.

To establish municipal liability, a plaintiff must show a "policy or custom" led to the

injury.  *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).  A municipality

---

[6] Hunt alternatively asserts his entitlement to qualified immunity, but the Court declines to conduct a qualified immunity analysis upon concluding Plaintiff's claims are subject to dismissal for the reasons discussed above.

1    cannot be held liable under § 1983 solely because it employs a tortfeasor.  *Id.* at 691-94.

2    Liability must rest on the actions of the municipality, not on the actions of an employee, and

3    must reflect "'deliberate indifference' as to known or obvious consequences."  *Bd. of the Cnty.*

4    *Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403-07 (1997) (citing *Monell*, 436 U.S. 658,

5    and quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).  "Official municipal policy

6    includes the decisions of a government's lawmakers, the acts of its policymaking officials, and

7    practices so persistent and widespread as to practically have the force of law."  *Connick v.*

8    *Thompson*, 563 U.S. 51, 61 (2011).  Municipal liability may, for example, be established through

9    a government's failure to adequately train its employees where its deliberate indifference led an

10   employee to violate a plaintiff's constitutional rights.  *See, e.g.*, *Galen v. County of Los Angeles*,

11   477 F.3d 652, 667 (9th Cir. 2007) (a County "may be liable if it fails to properly train peace

12   officers and the 'failure to train amounts to deliberate indifference to the rights of persons with

13   whom the [officers] come into contact.'") (quoting *City of Canton*, 489 U.S. at 388).

14          Plaintiff fails to meet a threshold requirement for imposing municipal liability.  A

15   municipality cannot be held liable under § 1983 where no constitutional violation occurred.  *See*

16   *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no

17   constitutional injury at the hands of the individual police officer, the fact that the departmental

18   regulations might have authorized the use of constitutionally excessive force is quite beside the

19   point.") (emphasis removed); *Miller v. Clark Cnty.*, 340 F.3d 959, 968 n. 14 (9th Cir. 2003)

20   (because the plaintiff's constitutional rights were not violated, the court "need not and [did]

21   decide" whether the County could be liable for any constitutional violation under *Monell*).

22   Because Plaintiff does not plead facts supporting a claim that Hunt violated her constitutional

23   rights, her claim of municipal liability also fails.

1    Even if Plaintiff had included facts in support of a constitutional violation by Hunt, her

2    allegations against the City do not suffice to state a claim.  She may not hold the City liable

3    merely because it employs Hunt and she does not identify a specific municipal policy, practice,

4    or custom resulting in the violation of her constitutional rights.  A bare allegation that the City

5    has a policy of failing to train, supervise, and discipline police officers does not suffice to state a

6    claim.  In addition, while asserting deficiencies in training, Plaintiff does not provide any support

7    for or show the deliberate indifference necessary to establish a constitutional violation.  *See*

8    *Brown*, 520 U.S. at 404, 410 ("The plaintiff must also demonstrate that, through its *deliberate*

9    conduct, the municipality was the 'moving force' behind the injury alleged."; "'[D]eliberate

10   indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a

11   known or obvious consequence of his action.") (citing *Harris*, 489 U.S. at 392 (municipal

12   liability must reflect "deliberate indifference" to a constitutional right)); *Castro v. County of Los*

13   *Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016) (an objective standard necessarily applies to

14   municipalities "for the practical reason that government entities, unlike individuals, do not

15   themselves have states of mind").  Plaintiff also cannot rely on a single instance of an alleged

16   constitutional violation to establish a municipal custom.  *See Navarro v. Block*, 72 F.3d 712, 714

17   (9th Cir. 1995) ("Proof of random acts or isolated events is insufficient to establish custom."), *as*

18   *amended on denial of reh'g* (Jan. 12, 1996) (citation omitted).

19         In responding to Defendants' motion, Plaintiff argues the City's resolutions of unrelated

20   lawsuits and a Department of Justice Report "would seem to establish *Monell* liability for

21   Seattle." Dkt. 119 at 5; Dkts. 132-33 at 11.  These allegations are not properly considered by the

22   Court in ruling on the Rule 12(c) motion.  They would not, in any event, assist Plaintiff given her

23

ORDER GRANTING CITY OF SEATTLE AND
BRIAN HUNT'S MOTION TO DISMISS - 11

1    failure to present facts directly related to her case and supporting a violation of her constitutional

2    rights.  Plaintiff's allegations of municipal liability fail on the pleadings.

3    C.    Dismissal With Prejudice

4          The City Defendants argue that all of Plaintiff's claims should be dismissed with

5    prejudice because they are barred by applicable statutes of limitations.  They note that the claims

6    subject to two-year statutes of limitations were already time-barred at the time Plaintiff filed this

7    lawsuit on January 6, 2022, and assert that any claims subject to a three-year statute of

8    limitations would be time-barred if Plaintiff attempted to re-file following dismissal of this

9    lawsuit.  *See* Dkt. 116 at 14-16.  They note that the deadline to amend the pleadings has passed

10   and argue that amendment of the pleadings would not remedy Plaintiff's failure to state a claim

11   because no permutation of the uncontroverted facts would give rise to a claim under § 1983.

12   They assert that, under these circumstances, dismissal with prejudice is appropriate.

13         Plaintiff does not dispute the City Defendants' contentions as to the applicable statutes of

14   limitations.  She instead argues that her claims should not be found time-barred because she did

15   not discover an injury giving rise to her claims until May 2022, when she saw a neurologist, and

16   because she is entitled to equitable tolling due to her mental incompetence or disability.  The

17   Court does not find either of these arguments persuasive.

18         Plaintiff's state law claims are subject to two- or three-year statutes of limitations.  *See*

19   RCW 4.16.100(1) (two-year limitations period for assault, assault and battery, or false

20   imprisonment); *Heckart v. City of Yakima*, 42 Wn.App 38, 39, 708 P.2d 407 (1985) (RCW

21   4.16.100(1) applies to false arrest); and RCW 4.16.080(2) (three-year limitations period for

22   injury to personal property or any other injury to the person or rights of another, which would

23   include negligence and malicious prosecution).  Her § 1983 claims are subject to a three-year

1    statute of limitations.  *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (federal courts apply the

2    forum state's personal injury statute of limitations to § 1983 claims); RCW § 4.16.080(2); *RK*

3    *Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).

4         "Under the discovery rule, a cause of action accrues when the plaintiff knew or should

5    have known the essential elements of the cause of action."  *Mason v. Mason*, 19 Wn. App. 2d

6    803, 826, 497 P.3d 431 (2021) (cleaned up and quoted sources omitted), *review denied*, 199 Wn.

7    2d 1005, 506 P.3d 638 (2022).  *See also Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760

8    (9th Cir. 1991) (a § 1983 action accrues and the statute of limitations begins to run when a

9    plaintiff knows or has reason to know of the injury which is the basis of his or her action).  It

10   postpones the running of a statute of limitations until the time a plaintiff should have, through the

11   exercise of due diligence, discovered the basis for the cause of action, even if actual discovery

12   occurred later.  *Mason*, 19 Wn. App. at 826.

13        In this case, whether or not Plaintiff learned of a certain aspect of an injury at a later date,

14   the facts as alleged show she was aware of the basis for her cause of action on the date of the

15   incident at issue.  Nor would later discovery of an injury be relevant to claims against the City

16   Defendants given that Plaintiff does not set forth facts associating those Defendants with the

17   alleged injuries.

18        Equitable tolling is a remedy properly used only "'sparingly.'"  *Fowler v. Guerin*, 200

19   Wn.2d 110, 119, 515 P.3d 502 (2022) (quoting *In re Pers. Restraint of Fowler*, 197 Wn.2d 46,

20   53, 479 P.3d 1164 (2021)).  As recently held by the Washington Supreme Court:

21        A plaintiff seeking equitable tolling of the statute of limitations in a civil suit must
           demonstrate that such extraordinary relief is warranted because (1) the plaintiff
22        has exercised diligence, (2) the defendant's bad faith, false assurances, or
           deception interfered with the plaintiff's timely filing, (3) tolling is consistent with
23        (a) the purpose of the underlying statute and (b) the purpose of the statute of
           limitations, and (4) justice requires tolling the statute of limitations.

*Id.* at 125.  For a § 1983 action, courts apply "the forum state's law regarding tolling, including equitable tolling, except to the extent [it] is inconsistent with federal law."  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (cited source omitted).  *See also Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014) ("[E]quitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action."); *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (federal courts in § 1983 actions borrow applicable tolling provisions from state law).

Plaintiff alleges she was suffering mental distress at the time of the January 2019 Harborview incident, that she was declared mentally incompetent by the Involuntary Treatment Act (ITA) Court in April 2019, and that, given the ITA Court finding, the charges against her were dismissed.  Dkt. 1-1 at 2-7.  However, Plaintiff does not provide additional, necessary information, including the length of any alleged incompetence or disability, or as to any of the other factors necessary to establish her entitlement to equitable tolling.  Even if Plaintiff had provided such information, the Court may "dismiss a complaint without leave to amend if 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'"  *Sanchez v. Los Angeles Dep't of Transportation*, 39 F.4th 548 (9th Cir. 2022) (quoting *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).  The Court here finds no basis for concluding Plaintiff could cure the deficiencies in her allegations against the City Defendants and finds her claims against those Defendants properly dismissed with prejudice.

<u>CONCLUSION</u>

The City Defendants are entitled to dismissal of Plaintiff's claims.  Accordingly, the Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(c), Dkt. 116, is GRANTED, and Plaintiff's

/ / /

1    claims against the City Defendants are DISMISSED with prejudice.

2            Dated this 12th day of December, 2022.

3

4                                        S. KATE VAUGHAN
                                         United States Magistrate Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER GRANTING CITY OF SEATTLE AND
BRIAN HUNT'S MOTION TO DISMISS - 15